159 N.J. Super. 562 (1978)
388 A.2d 998
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED A. LAMPHERE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 16, 1978.
Decided May 31, 1978.
*564 Before Judges HALPERN, LARNER and KING.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Morton L. Anekstein, Assistant Deputy Public Defender, on the brief).
Mr. David Linett, Somerset County Prosecutor, attorney for respondent (Mr. Philip J. Maiorca, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
This appeal presents the narrow question relating to the propriety of a directive issued by an assignment judge with regard to admission to the county's Pretrial Intervention Program. R. 3:28. On March 22, 1977 he issued the following directive to the County PTI Co-ordinator:
Do not accept any application for entry into the program from any person who is charged with another offense while incarcerated in any of the penal institutions, provided the proposed applicant is still incarcerated at the time that person attempts to apply.
While defendant was a resident of Highfields Residential Group Center as a juvenile offender he allegedly aided and abetted in a breaking and entry after reaching the age of majority. As a result of this involvement he was transferred to the Annandale Youth Correctional Institution. It was while he was confined at that institution that he was indicted on the breaking and entry charge.
His application for admission to the PTI program was denied by the coordinator for the following reason: "We cannot accept an application for enrollment from persons who are incarcerated in a State institution." On application to the assignment judge the latter sustained the coordinator's *565 refusal to consider defendant for admission to the program based upon the thesis that current incarceration per se inhibited potential rehabilitation.
We are satisfied that the automatic exclusion from consideration for pretrial diversion because of incarceration on another charge is contrary to the purpose and philosophy underlying the adoption of the program in most of the counties in this State. The Supreme Court in State v. Leonardis I, 71 N.J. 85 (1976), and State v. Leonardis II, 73 N.J. 360 (1977), has expressed a broad, liberal view as to the criteria to be utilized for admission to a PTI program.
The emphasis of these opinions and the PTI Guidelines adopted by the Supreme Court on September 8, 1976 (99 N.J.L.J. 865) is on the individual offender and his potential for rehabilitation, rather than the offense or the offender's status. Neither these opinions nor the Guidelines authorize a priori exclusion of an offender from the program without a judgmental consideration of the individual and the offense. See State v. Leonardis, I, supra, 71 N.J. at 111.
Guideline 2 clearly suggests that all offenders are eligible for admission and that each application must be considered on its individual merits. It states in part:
Any defendant accused of crime shall be eligible for admission into a PTI program. When the application indicates factors which would ordinarily lead to exclusion under the guidelines established hereinafter, the applicant nevertheless shall have the opportunity to present to the program director, and through him to the prosecutor, any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission, and establishing that a decision against enrollment would be arbitrary and unreasonable. [99 N.J.L.J. at 874]
The refusal to consider defendant's application for pretrial diversion was clearly erroneous. By this holding, however, we do not suggest that current incarceration may not be considered by the program director, the prosecutor, or the court as a factor, together with the total panorama of *566 an applicant's background and history, to determine his "amenability to the rehabilitative process." We simply hold that such incarceration cannot be used as a tool to prevent him from having his application for admission to the program considered on its total merits.
In view of the foregoing we do not reach appellant's contention based on the constitutional ground of denial of equal protection. Reversed and remanded for consideration of defendant's application in conformity with this opinion.